UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Swervo Entertainment Group, LLC, a Minnesota limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Linda S. Mensch, an individual, Bryan Cave, LLP, a Missouri limited liability partnership, RSK Enterprises, LLC., a Delaware limited liability company, and Robert S. Kelly p/k/a R. Kelly, an individual,<br><br>    Defendants. | Court File No.: _____<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Swervo Entertainment Group, LLC ("Plaintiff"), for its Complaint against Defendants Linda S. Mensch, Bryan Cave, LLP, RSK Enterprises, LLC., and Robert S. Kelly ("Defendants"), states and alleges as follows:

### PARTIES

1. Plaintiff is a Minnesota limited liability company with its principal place of business located at 510 First Avenue North, Suite 600, City of Minneapolis, State of Minnesota.

2. Upon information and belief, Defendant Linda S. Mensch is an individual resident of the State of Illinois with a principal place of residence at 1436 Prairie Avenue, City of Chicago, State of Illinois. Ms. Mensch retains an "of-counsel" position with Defendant Bryan Cave.

3. Upon information and belief, Defendant Bryan Cave, LLP is a Missouri limited liability partnership with its principal place of business located at 221 Bolivar Street, Suite 101, City of Jefferson City, State of Missouri.

4. Upon information and belief, Defendant RSK Enterprises, LLC is a Delaware limited liability company with its principal place of business located at 161 North Clark Street, Suite 4300, City of Chicago, State of Illinois.

5. Upon information and belief, Defendant Robert S. Kelly, is an individual resident of the State of Georgia with a principal place of residence in the City of Atlanta, State of Georgia.

## JURISDICTION AND VENUE

6. This Court has federal diversity jurisdiction, 28 U.S.C. § 1332(a), as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

7. Venue in this Court is appropriate pursuant to 28 U.S.C. §§ 1391(a)(2) and (b)(2) because a substantial part of the events and transactions giving rise to the claims occurred within this district.

## FACTUAL ALLEGATIONS

8. In or about February and March of 2016, Plaintiff began negotiations with RSK Enterprises, LLC ("RSK") and Robert S. Kelly ("Kelly") over the terms of a proposed Artist Tour Agreement (the "Tour Agreement") wherein Plaintiff would be granted the exclusive right to promote and produce certain concerts performed by Kelly in exchange for a Performance Fee paid, per concert, by Plaintiff to RSK and Kelly, and for certain other obligations and rights of the parties.

9. At all relevant times herein, RSK and Kelly were represented by attorney Linda S. Mensch ("Mensch").

10. At all relevant times herein, Mensch was an attorney of counsel for Defendant law firm Bryan Cave, LLP ("Bryan Cave") at its Chicago offices and represented herself as same.

11. At all relevant times herein, Mensch used both Bryan Cave's letterhead and electronic signature in communications with Plaintiff.

12. At all times relevant herein, negotiations over the terms of the Tour Agreement were conducted between Mensch, as counsel to RSK and Kelly, and Plaintiff.

13. During negotiations, Plaintiff agreed to provide, and did provide, an advance deposit in the sum of $500,000.00 to RSK and Kelly under the express agreement that such funds be held in trust by counsel pending and contingent upon signing of the proposed Tour Agreement by both parties.

14. Plaintiff transferred said funds to a trust account pursuant to wiring instructions provided by Mensch.

15. After multiple proposals and counter proposals no agreement was reached by Plaintiff, RSK, and Kelly as to the terms of the proposed Tour Agreement and no Tour Agreement was executed by the parties.

16. During the negotiations between the parties, the initial contract sent to Plaintiffs by RSK and Mensch included provisions which were not acceptable to Plaintiff. Plaintiff completed a redline copy and returned it to Defendants R. Kelly through Mensch. Mensch provided its own redlined copy of the document with significant term changes and inexplicably returned it signed by RSK and Robert S. Kelly personally.

17. Plaintiff specifically informed Defendant Mensch and RSK that the terms in their counter proposal were not acceptable and therefore any provision allowing release of funds was not triggered. At no point in time has Plaintiff signed a tour agreement with Robert S. Kelly or RSK, or otherwise given its permission for the funds to be released from trust.

18. On March 8, 2016, Plaintiff, through counsel, sent written correspondence to Mensch stating that in the event an agreement as to the proposed Tour Agreement could not be reached by a specified date, Plaintiff was requesting the $500,000.00 advance be returned to Plaintiff since no agreement was formed.

19. On March 14, 2016, Plaintiff, through counsel, again sent written correspondence to Mensch demanding the $500,000.00 advance be returned to Plaintiff.

20. On March 18, 2016, Plaintiff, through counsel, sent written correspondence to Joseph Q. McCoy, managing partner of Bryan Cave's Chicago office, requesting the return of the $500,000.00 advance which Plaintiff had transferred to a trust account in accordance with the instructions provided by Mensch who was "of counsel" at Bryan Cave at its Chicago location.

21. Upon information and belief, the $500,000.00 advance, which was transferred by Plaintiff pursuant to instruction provided by Mensch of Bryan Cave, was deposited in a trust account of Linda S. Mensch, P.C., namely the LINDA S. MENSCH, P.C. RSK CLIENT ESCROW ACCOUNT.

22. Linda S. Mensch, P.C. advertises its place of business as 161 North Clark Street, Suite 4300, the same address location of Bryan Cave's Chicago offices.

23. Upon information and belief, Mensch transferred the funds to Defendants RSK Enterprises, and Robert Kelly at the direction and benefit of RSK and Kelly

4

24. Despite repeated requests, the $500,000.00 advance has not been returned to Plaintiff, no accounting has been made of the advanced funds and Defendants have not provided information as to the location of said funds.

## COUNT I: CONVERSION
### (Against all Defendants)

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24.

25. As set forth above, Defendants have taken possession of Plaintiff's funds. These funds had been transferred to Defendant Mensch as an advance to be held in trust, pending and contingent upon negotiation of the proposed Tour Agreement. Said advance was for the original principal amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00).

26. No agreement was reached as to the terms of the proposed Tour Agreement and no Tour Agreement was executed by Plaintiff and Defendants RSK and Kelly.

27. Plaintiff has an immediate right to possession of the funds advanced and has demanded return of the same.

28. Upon information and belief, while acting as an agent of Defendant Bryan Cave, Defendant Mensch transferred the funds for the benefit of Defendants Robert S. Kelly and RSK Enterprises, LLC.

29. Despite demand, Defendants have failed and refused to pay such indebtedness to Plaintiff. Plaintiff is entitled to judgment against Defendants, jointly and severally, in the amount of $500,000.00.

## COUNT II: FRAUD IN THE INDUCEMENT
### (Against Defendants Linda S. Mensch and Brian Cave, LLP)

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29.

30. Defendant Mensch falsely represented to Plaintiff that the funds advanced by Plaintiff would be held in trust by Mensch, of counsel to Bryan Cave, pending and contingent upon negotiations between the parties of the terms of the proposed Tour Agreement.

31. Such representations were made by Mensch, as of counsel to Bryan Cave and in the ordinary course of business of Bryan Cave, to induce Plaintiff to transfer the funds in advance of entering into a Tour Agreement with Defendants RSK and Kelly.

32. Plaintiff reasonably relied on the representations made to it by Mensch.

33. As a result of such representations, Plaintiff did rely and was induced to make said advancement of funds and has suffered damages thereby.

34. The advanced funds were not held in trust by Bryan Cave and instead were held in an account of Linda S. Mensch, P.C.

35. Contrary to the express terms of the parties agreement that said funds were to serve as an advance of Plaintiff's duties under the anticipated Tour Agreement, said funds have not been returned despite that an agreement was not reached as to the proposed Tour Agreement and despite repeated requests for return of the advanced funds.

36. Plaintiff is entitled to judgment against Defendants Mensch and Bryan Cave both jointly and severally for fraudulently inducing Plaintiff to advance funds into a trust account not controlled by Bryan Cave and which were not returned to Plaintiff per the agreement of the Parties that the funds were an advancement contingent on the Plaintiff entering into the Tour Agreement with RSK and Kelly.

## COUNT III: BREACH OF FIDUCIARY DUTY
### (Against Linda S. Mensch and Bryan Cave, LLP)

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 36.

37. Defendants Mensch and Bryan Cave owe a fiduciary duty to Plaintiff. Plaintiff transferred advanced funds, at the direction of Mensch, into a trust account that is, upon information and belief, controlled by Mensch, of counsel to Bryan Cave, under the express understanding that said funds would be held in trust as an advance, pending negotiations of the proposed Tour Agreement.

38. Despite requests to Mensch and Bryan Cave, no accounting has been given of said advance nor have any funds been returned to Plaintiff.

39. Plaintiff is entitled to judgment against Defendants Mensch and Bryan Cave both jointly and severally for breach of their fiduciary duty to Plaintiff.

## COUNT IV: PUNITIVE DAMAGES
### (Against Linda S. Mensch)

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 39.

40. The acts and omissions of Defendants were undertaken with knowledge and intentional and/or reckless indifference to the rights of Plaintiff.

41. Plaintiff is entitled to the maximum award of punitive damages allowed by law.

**WHEREFORE**, Plaintiff Swervo Entertainment Group, LLC, demands judgment against Linda S. Mensch, Bryan Cave, LLP, RSK Enterprises, LLC., and Robert S. Kelly, jointly and severally, as follows:

1. For the sum of $500,000.00, plus accrued interest in an amount not presently ascertained;

2. For an award of compensatory, punitive and other damages alleged herein, in an amount to be determined by the finder of fact;

3. For an award of attorneys' fees and costs of this action as provided by law; and

4. For such other and further relief as the Court shall deem just and equitable.

HELLMUTH & JOHNSON, PLLC

Dated: 4/27/16

By: _____
Joseph P. Beckman  IL#6199704
J. Robert Keena  MN#258817
Attorneys for Plaintiff
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005

2611021