IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Swervo Entertainment Group, LLC, a Minnesota limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 16-cv-04692 |
| v. | ) ) | Judge John Z. Lee |
| Linda S. Mensch, an individual, Bryan Cave, LLP, a Missouri limited liability Partnership, RSK Enterprises, LLC, a Delaware limited liability company and Robert S. Kelly p/k/a R. Kelly, an individual | ) ) ) ) ) ) | |
| Defendants. | ) | |

**BRYAN CAVE LLP'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Bryan Cave LLP ("Bryan Cave"), by and through its attorneys, Figliulo & Silverman, P.C., hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Swervo Entertainment Group, LLC's ("Swervo") First Amended Complaint (the "Complaint"). Swervo asserts generic claims against Bryan Cave for fraudulent inducement, conversion, and breach of fiduciary duty, but it fails to properly plead any allegations establishing the formation, existence, or terms of an alleged trust agreement upon which all of Swervo's claims depend. Swervo's allegations concerning this purported agreement are internally inconsistent and wholly insufficient to support its claims, particularly in light of the heightened pleading requirements applicable to Swervo's allegations of fraud in the inducement of the claimed pivotal agreement. Among other things, the Complaint does not inform Defendants or this Court: who allegedly formed the agreement; when the alleged agreement was made; whether it is claimed to be an oral or written agreement; or what the terms of this

purported agreement actually were. The Complaint is therefore deficient pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted, and it should be dismissed as to Bryan Cave.

## Statement of Alleged Facts

As alleged in the Complaint, in or about February or March 2016, Swervo began negotiations with Defendant RSK Enterprises, LLC ("RSK") and Defendant Robert S. Kelly ("R. Kelly") regarding the terms of a Tour Agreement governing the production and promotion of an upcoming R. Kelly concert tour. (Compl. ¶ 13.) RSK and R. Kelly were represented by Defendant Linda S. Mensch ("Mensch") for purposes of these negotiations. (*Id.* ¶ 14.) Swervo alleges that Mensch was an attorney of counsel for Bryan Cave. (*Id.* ¶ 15.)

During negotiations, Swervo provided an advance deposit of $500,000 to RSK and R. Kelly. (*Id.* ¶ 18.) The advance was purportedly made pursuant to the terms of an "express agreement" that the funds would be held in trust. (*Id.*) Paragraph 18 of the Complaint sets forth the entirety of Swervo's Factual Allegations concerning this claimed agreement:

> 18. During negotiations, Plaintiff agreed to provide, and did provide, an advance deposit in the sum of $500,000.00 to Defendants RSK and Kelly under the express agreement that such funds be held in trust by counsel pending and contingent upon signing of the proposed Tour Agreement by both parties.

(*Id.*) According to Swervo, the parties were ultimately unable to reach an agreement as to the terms of the Tour Agreement, but, in violation of the purported express agreement concerning the deposit, its advance has not been returned. (*See, e.g., id.* ¶¶ 20, 29, 40.)

In Counts I through III of the Complaint, Swervo brings fraud in the inducement, conversion, and breach of fiduciary duty claims against Bryan Cave stemming from this alleged

2

"express agreement" to advance $500,000.[1] (*Id*. pp. 5-7.) Specifically, Swervo alleges that it was fraudulently induced into the purported agreement by Mensch's false representations that the funds would be held in trust pending negotiation of the Tour Agreement. (*Id*. ¶¶ 35, 38, 40, 41.) Similarly, Swervo alleges that its funds have been converted because Defendants have not returned the deposit as allegedly required pursuant to the terms of the agreement. (*Id*. ¶¶ 30-32, 34.) Finally, Mensch and Bryan Cave are alleged to have breached a fiduciary duty claimed to have been owed Swervo by failing to abide by "the express understanding that said funds would be held in trust as an advance, pending negotiations of the proposed Tour Agreement." (*Id*. ¶ 42.)

### Argument

As a threshold matter, Swervo's entire case against Bryan Cave is dependent on the existence and terms of the alleged agreement governing the monetary advance made by Swervo. (*Id*. pp. 5-7.) Yet although this purported agreement forms the basis for all relief sought by Swervo from Bryan Cave, Swervo notably alleges next to nothing about it. For example, who purportedly made the agreement? Was the claimed agreement written? Was it oral? When was the alleged agreement made? And what is alleged to have actually been agreed upon?

To the extent the alleged agreement is mentioned in the Complaint, the sparse allegations are inconsistent. In paragraph 18 of the Complaint, for instance, Swervo alleges an express agreement that the funds would be held in trust pending and contingent upon "signing" of the Tour Agreement by both parties. (*Id*. ¶ 18.) Then, in paragraph 42, Swervo instead pleads an express understanding that the funds would be held in trust "pending negotiations of the proposed Tour Agreement." (*Id*. ¶ 42; *see also id*. ¶ 35 (funds allegedly to be held in trust "contingent upon negotiations between the parties of the terms" of the Tour Agreement).) There

---

[1] Count I (conversion) is brought against all Defendants. Count II (fraud in the inducement) and Count III (breach of fiduciary duty) are brought against Bryan Cave and Mensch. Count IV (punitive damages) is brought solely against Mensch and is not the subject of Bryan Cave's Motion to Dismiss.

is also inherent conflict and confusion in the Complaint as to what the agreement allegedly prescribed in terms of handling of the funds. (*Compare id.* ¶ 18 (funds to be held in trust "by counsel" [undefined]) *with id*. ¶ 35 (funds would be held in trust by "Mensch, of counsel to Bryan Cave") *with id*. ¶ 41 (alleging that Swervo is entitled to judgment because the funds were advanced into a trust account "not controlled by Bryan Cave").)

Pursuant to applicable pleading standards, Swervo is required to provide allegations which are sufficient to put Bryan Cave on notice of the claims against it and which enable Bryan Cave to properly respond to those claims. *See, e.g., Ludlow v. Nw. Univ.*, 125 F. Supp. 3d 783, 792 (N.D. Ill. 2015); *Blue v. Malone*, 185 Fed. Appx. 522, 523 (7th Cir. 2006). But Bryan Cave is not sufficiently on notice of claims which are based entirely on an alleged agreement that Swervo does not define. And neither Bryan Cave nor this Court can properly assess Swervo's claims when the Complaint fails to provide even the most basic facts concerning the purported central agreement, such as who made it or what it actually provides.

Swervo's pleading deficiencies dictate dismissal pursuant to the general FRCP 8(a) notice pleading requirements, *see, e.g., LaBella Winnetka, Inc. v. Winnetka*, 628 F.3d 937, 944 (7th Cir. 2010) (plaintiff who alleged that defendant wrongfully revoked a license, but failed to allege when or how the license was revoked, "failed to satisfy even the lenient notice-pleading requirement of [FRCP] 8(a)."). Moreover, the allegations are particularly deficient here given that Swervo alleges fraud in the inducement. FRCP 9(b) requires a party claiming fraud to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b).[2] "The reference to 'circumstances' in the rule requires the plaintiff to state … the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the

---

[2] Likewise, a claim for conversion must set forth allegations establishing a plaintiff's absolute and unconditional right to the subject property at all times. *Horbach v. Kaczmarek*, 288 F.3d 969, 978 (7th Cir. 2002).

4

plaintiff in order to satisfy Rule 9(b)'s heightened pleading standard." *U.S. v. Sanford-Brown, Ltd.*, 788 F.3d 696, 705 (7th Cir. 2015); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994). By failing to plead the time, the date, the place, the method, or even the precise details of the alleged misrepresentation that purportedly induced Swervo to agree to advance funds, Swervo has clearly failed to meet its pleading requirements. *See, e,g., Rao v. BP Products N. Am., Inc.*, 589 F.3d 389, 401 (7th Cir. 2009) (pleading fraud with particularity requires including the "who, what, when, where and how" of the alleged fraud).

Bryan Cave respectfully submits that Swervo has failed to properly allege its so-called "express agreement." Because each of its claims is dependent on the formation and existence of that alleged agreement, Swervo has failed to state a claim.

### Conclusion

For the foregoing reasons, Defendant Bryan Cave LLP respectfully requests that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint as to Bryan Cave pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

Date:   June 17, 2016                                     Respectfully submitted,

                                                          DEFNDANT BRYAN CAVE LLP

                                                          By:  /s/ Peter A. Silverman
                                                          One of Its Attorneys

Peter A. Silverman (ARDC # 6196081)
Lisa M. Mazzone (ARDC #6303922)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
312-251-5275 (PAS)
312-251-5288 (LMM)
312-251-4610 (Fax)
psilverman@fslegal.com
lmazzone@fslegal.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that he caused a copy of the attached **DEFENDANT BRYAN CAVE LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to be electronically filed with the Clerk of the Court on June 17, 2016. Notice of this filing will be served upon counsel of record via Electronic Notification by the District Court's ECF Filing System.

                                                                          /s/ Peter A. Silverman