IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Swervo Entertainment Group, LLC, a Minnesota limited liability company, | ) ) ) |
| Plaintiff, | ) ) Case No.: 16-cv-04692 |
| v. | ) ) Judge John Z. Lee ) |
| Linda S. Mensch, an individual, Linda S. Mensch, P.C., an Illinois corporation, Bryan Cave, LLP, a Missouri limited liability partnership, RSK Enterprises, LLC, a Delaware limited liability company and Robert S. Kelly p/k/a R. Kelly, an individual, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## BRYAN CAVE LLP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant Bryan Cave LLP ("Bryan Cave"), by and through its attorneys, Figliulo & Silverman, P.C., hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Swervo Entertainment Group, LLC's ("Swervo") Second Amended Complaint.

Bryan Cave moved to dismiss Swervo's First Amended Complaint[1] principally because each of Swervo's claims were supposedly derived from an alleged contract to hold certain funds in trust, but Swervo was unable to plead the existence of any such contract. Swervo then withdrew its First Amended Complaint and filed a Second Amended Complaint, purportedly to address deficiencies identified by Bryan Cave and the other defendants. Rather than add allegations in its Second Amended Complaint to support the formation of a contract, Swervo instead watered down the already deficient allegations of a contract that it pled in its withdrawn First Amended Complaint. Swervo now contends that the parties "contemplated" an agreement,

---

[1] Swervo withdrew its initial Complaint because it failed to allege the citizenship of any of the parties in support of diversity jurisdiction.

which is a far cry from pleading a contract. Swervo's unsupported conclusion that a contract was formed remains wholly insufficient to support its conversion, fraud in the inducement, and breach of fiduciary claims, particularly in light of the heightened pleading requirements applicable to Swervo's allegations of fraud.

Swervo also asserts new claims in its Second Amended Complaint that are fundamentally flawed: (1) its negligence claim is clearly barred by the *Moorman* doctrine; and (2) its claims of unjust enrichment and promissory estoppel are insupportable as a matter of law in light of Swervo's allegation that the parties entered into a contract.

The complaint is therefore deficient in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Bryan Cave respectfully submits that Swervo has failed to state a claim in its third bite of the apple, warranting the dismissal of its Second Amended Complaint with prejudice.

## Statement of Alleged Facts

Swervo alleges that in early 2016 it began negotiations with Defendant RSK Enterprises, LLC ("RSK") and Defendant Robert S. Kelly ("R. Kelly") of a Tour Agreement governing the production and promotion of an upcoming R. Kelly concert tour. (Sec. Am. Compl. ("SAC") [Dkt. 31] ¶¶ 15, 16.) RSK and R. Kelly were represented by Defendant Linda S. Mensch ("Mensch") for purposes of these negotiations. (*Id*. ¶ 17.) Swervo alleges that Mensch and her law firm, Defendant Linda S. Mensch, P.C., were of counsel for Bryan Cave during negotiations. (*Id*. ¶ 18.) Swervo further alleges that Artie Pabon, as an agent for Swervo, conducted negotiations of the Tour Agreement on Swervo's behalf, but that Mr. Pabon was not authorized to execute the Agreement. (*Id*. ¶¶ 15, 22, 42.)

During negotiations, Swervo claims that Mensch requested an "advance deposit" of

$500,000, and that Swervo transferred the funds into an account entitled "LINDA S. MENSCH, P.C. RSK CLIENT ESCROW ACCOUNT." (*Id*. ¶¶ 23, 27.)  According to Swervo, the parties in some way "contemplated" that the funds would be released after the Tour Agreement was finalized (*id*. ¶ 25), without any explanation of why or how that was contemplated; and that Swervo (although notably not Defendants) purportedly "understood" the money would be held in trust by the "Law Firm Defendants" (defined as Mensch, Linda S. Mensch, P.C., *and* Bryan Cave) (*id*. ¶30).  Swervo further concludes, devoid of supporting facts, that the parties somehow "agreed" that Swervo "retained an absolute and unconditional right to the $500,000.00 in the event the parties were unable to successfully negotiate and execute a final Tour Agreement." (*Id*. ¶ 5.)  The parties allegedly were unable to reach an agreement.

Swervo asserts six claims against Defendants: conversion (CountI), fraud in the inducement (Count II), breach of fiduciary duty (Count III), negligence (Count IV), unjust enrichment (Count V), and promissory estoppel (Count IV) (*Id*. ¶ 31 and pp. 8-14.)

<u>**Argument**</u>

**I.      Swervo has failed to plead an alleged trust agreement, which defeats its claims.**

In its First Amended Complaint, Swervo alleged that its payment was purportedly made pursuant to an "express agreement" that the funds would be held in trust until execution of the Tour Agreement.  (First Am. Compl. ("FAC") [Dkt. 7] ¶ 18.)  Bryan Cave moved to dismiss principally based on Swervo's failure to plead facts supporting this alleged "express" agreement, which was central to all of its claims, including the failure to allege when the agreement was made, who made the agreement, what form it took, or even what was agreed upon.  (Mem. in Supp. of Mot. to Dismiss [Dkt. 20] at pp. 3-5.)  Before the Court ruled on Bryan Cave's Motion, Swervo sought and was granted leave to file a Second Amended Complaint which would,

3

according to Swervo, "address[] the perceived deficiencies in the First Amended Complaint." (Mot. for Leave [Dkt. 28] ¶ 5.)

In its Second Amended Complaint, however, Swervo does not even attempt to properly set forth the existence of the previously alleged "express agreement" to hold the funds in trust until the Tour Agreement was finalized. Instead, Swervo attempts to re-characterize and limit the alleged agreement as one purportedly granting Swervo "an absolute and unconditional right to the $500,000.00" in the event the Tour Agreement was not finalized, (*see* SAC ¶ 28), while at the same time, continuing to assert claims that purport to be derived from a valid and enforceable agreement *to hold the funds in trust until execution of the Tour Agreement*.

Specifically, Swervo's conversion claim purports to be predicated on Defendants wrongfully assuming control of Plaintiff's funds because the "advance deposit" was "to allegedly be held in trust by the Law Firm Defendants, pending and contingent upon successful negotiation and execution" of the Tour Agreement. (*Id*. ¶ 51.)[2] As to its fraud in the inducement claim, Swervo alleges that "[c]ontrary to the terms of the parties' *agreement* that said funds were to be held in trust pending the execution of a final Tour Agreement… Defendants have failed to return the funds…" (*Id*. ¶ 64 (emphasis added).) And the sole basis for the claimed fiduciary duty purportedly owed to Swervo is that the "funds would be held in trust and would not be released" until the Tour Agreement was executed. (*Id*. ¶ 67.)

Swervo's case against Bryan Cave, then, centers on the existence and terms of an alleged agreement that Swervo's payment would be held in trust, yet Swervo's allegations as to this agreement—or indeed any agreement—remain wholly deficient. A valid and enforceable

---

[2] Bryan Cave also notes that a claim for conversion must set forth allegations establishing a plaintiff's absolute and unconditional right to the subject property "at all times." *Horbach v. Kaczmarek*, 288 F.3d 969, 977-78 (7th Cir. 2002). Yet Swervo alleges only an absolute and unconditional right to the funds "in the event the parties were unable to successfully negotiate and execute a final Tour Agreement." (*See* SAC ¶ 28.)

agreement requires, at a minimum, an offer, acceptance, consideration, and that the "contract's essential terms must be definite and certain." *C&K Trucking, LLC v. Am. Glob. Logistics, LLC*, No. 14-CV-298, 2015 WL 6756282, at *2 (N.D. Ill. Nov. 4, 2015); *Van Der Molen v. Washington Mut. Fin., Inc.*, 359 Ill. App. 3d 813, 823, 835 N.E.2d 61, 69 (1st Dist. 2005). Here, Swervo's conclusion of an agreement is unsupported by any well pled facts.

Swervo now alleges: that the parties "agreed" to one thing (Swervo's alleged unconditional right to the funds if negotiations failed) (*id*. ¶ 28); that the parties "contemplated" something else (the funds would be released after execution of the Tour Agreement) (*id*. ¶ 25); and that Swervo alone "understood" yet a different thing (the advance deposit would be held in trust by the Law Firm Defendants) (*id*. ¶ 30). Swervo then asserts claims necessarily stemming from an agreement which combines what the parties' allegedly "agreed" to, what they "contemplated," *and* what Swervo "understood." (*See, e.g. id*. ¶¶ 51, 52, 64, 67.) Swervo also creates confusion as to where the parties allegedly agreed the funds would be held by alleging that it transferred the funds directly to Mensch's personal law firm's escrow account (*id*. ¶ 27), but then also claiming it transferred the money "knowing" that the funds would be held in trust "by a well-regarded national law firm like Bryan Cave" (*id*. ¶ 63). Moreover, despite Bryan Cave's direct challenges in its prior motion to dismiss Swervo's First Amended Complaint (Mem. in Supp. of Mot. to Dismiss [Dkt. 20] at pp. 1, 3), Swervo still fails to allege whether any purported agreement was written, whether it was oral, or when it was allegedly made.

Swervo is required to put Bryan Cave on notice of the claims against it and which enable Bryan Cave to properly respond to those claims. *See, e.g., Blue v. Malone*, 185 Fed. Appx. 522, 523 (7th Cir. 2006); *In re Oien*, 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009)*; Ludlow v. Nw. Univ.*, 125 F. Supp. 3d 783, 792 (N.D. Ill. 2015). Here, Swervo does not, and cannot, allege sufficient

5

facts to support the alleged contract which purports to form the basis of Swervo's claims. Swervo's pleading deficiencies warrant dismissal pursuant to the general FRCP 8(a) notice pleading requirements, *see, e.g., LaBella Winnetka, Inc. v. Winnetka*, 628 F.3d 937, 944 (7th Cir. 2010) (plaintiff who alleged that defendant wrongfully revoked a license, but failed to allege when or how the license was revoked, "failed to satisfy even the lenient notice-pleading requirement of [FRCP] 8(a).").

Moreover, Swervo alleges fraud in the inducement (*see* SAC pp. 10-11) and has also incorporated and re-alleged its allegations of fraud in every one of its claims (*see id.* ¶¶ 46, 50 and pp. 8, 10-14). FRCP 9(b) requires a party claiming fraud to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The reference to "circumstances" in the rule requires the plaintiff to state "the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff" in order to satisfy Rule 9(b)'s heightened pleading standard. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994). By failing to plead the time, the date, the place, the method, or even the definite details of the alleged misrepresentation that purportedly induced Swervo to agree to advance funds, Swervo has clearly failed to meet its pleading requirements. *See, e,g., Rao v. BP Products N. Am., Inc.*, 589 F.3d 389, 401 (7th Cir. 2009) (pleading fraud with particularity requires including the "who, what, when, where and how" of the alleged fraud).

Even after Bryan Cave identified these exact deficiencies in its original Motion to Dismiss, Swervo has nevertheless again failed to meet the basic pleading requirements of FRCP 8(a) and 9(b) in its new pleading. Bryan Cave respectfully submits that the Second Amended Complaint should be dismissed for failure to state a claim.

**II.     The three new counts added by Swervo in its Second Amended Complaint are also deficient as a matter of law.**

In Count IV, Swervo asserts a claim of negligence against Bryan Cave based on a purported duty to "use reasonable care to hold Plaintiff's $500,000 deposit in trust contingent upon the successful negotiation and execution of a final Tour Agreement." (SAC ¶ 12.) Based on Bryan Cave's alleged breach of this claimed duty, Swervo seeks $500,000 plus interest and compensatory damages. (*Id.* ¶¶ 73, 76 and pp. 14-15.) This claim is precluded by the *Moorman* Doctrine, which bars recovery of purely economic losses in tort. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 567 (7th Cir. 2012).

Specifically, to determine whether the *Moorman* Doctrine bars a particular tort claim, "the key question is whether the defendant's duty arose by operation of contract or existed independent of the contract." *Wigod*, 673 F.3d at 567. Here, Swervo concludes that the Defendants agreed to hold certain money in trust and breached that duty. Therefore, even setting aside that Swervo never actually establishes an agreement to hold funds in trust, and even ignoring Count IV's incorporation of Swervo's inadequate fraud allegations, Count IV is fundamentally flawed and should be dismissed as a matter of law.

Finally, Swervo's quasi-contract claims of unjust enrichment and promissory estoppel, set forth in Counts V and VI of the Second Amended Complaint, are also legally deficient. To set forth a cause of action, quasi-contract claims "may not include allegations of an express contract, which governs the relationship of the parties." *Telefonix, Inc. v. Response Eng'g, Inc.*, No. 12 C 4362, 2012 WL 5499437, at *6 (N.D. Ill. Nov. 13, 2012). Therefore, Swervo's express incorporation of allegations that the parties entered into an agreement governing the payment defeat these claims as a matter of law. Count V and VI should also be dismissed.

**Conclusion**

For the foregoing reasons, Defendant Bryan Cave LLP respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Second Amended Complaint as to Bryan Cave pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. As this is Swervo's third failed attempt to state a cause of action, Bryan Cave submits that dismissal should be with prejudice.

Date: August 29, 2016

Respectfully submitted,

DEFNDANT BRYAN CAVE LLP,

By: /s/ Peter A. Silverman
One of Its Attorneys

Peter A. Silverman (ARDC # 6196081)
Lisa M. Mazzone (ARDC #6303922)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
312-251-5275 (PAS)
312-251-5288 (LMM)
312-251-4610 (Fax)
psilverman@fslegal.com
lmazzone@fslegal.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a copy of the attached **DEFENDANT BRYAN CAVE LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** to be electronically filed with the Clerk of the Court on August 29, 2016. Notice of this filing will be served upon counsel of record via Electronic Notification by the District Court's ECF Filing System.

    /s/ Peter A. Silverman